UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN COX, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-829 |
| | § | |
| TARGET CORPORATION, AND SEDGWICK | § | |
| CLAIMS MANAGEMENT SERVICES, INC., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is defendants' motion to dismiss for failure to state a claim. Dkt. 16. Upon consideration of the motion, the plaintiff's response, the defendants' reply, and the applicable law, the motion will be GRANTED and Cox's common law claims will be dismissed with prejudice. However, Cox is given leave to replead his claims under the appropriate ERISA provisions.

**BACKGROUND**

The court takes the facts as related by the plaintiff, Cox, in his amended complaint as true for this 12(b)(6) motion. Cox was injured during his employment with Target Corporation. *See generally* Dkt. 13. In order to force thick cardboard boxes into the store's trash baler and compactor, Cox braced a metal bar against his right shoulder for increased leverage. The bar suddenly and violently recoiled, injuring Cox's arm. The emergency room doctor found that Cox's arm was broken. Several days later, Cox consulted another doctor who referred him to an orthopedic surgeon for surgery. However, the surgery was not performed because Target would not provide the workers' compensation number to the hospital. Instead, Target's human resources manager told Cox to go

to a Target-approved health clinic. That health clinic then referred Cox to a Target-approved orthopedic surgeon for surgery. The delay caused by switching to Target-approved doctors resulted in Cox's surgery being performed ten days later than originally scheduled. He alleges that the delay caused him injury and continued pain in his shoulder.

Three months later, Sedgwick, the third party administrator of Target's Texas Occupational Injury Benefit Plan,[1] began to pressure Cox to return to light duty work. In fact, even though Cox's treating doctor told him to recuperate for another month before returning to work, Sedwick allegedly went so far as to call Cox's treating doctor to get Cox released for light duty two weeks earlier. Cox never received a written release to return to work. Even though the human resources manager asked him about the written release, Cox was allowed by Target to work without one. Cox alleges more facts regarding the termination of his employment with Target, but since they have no bearing on the 12(b)(6) inquiry before the court, they have been omitted.

Cox brought suit in state court against Target and Sedgwick for a variety of common law and Texas statutory claims. Defendants timely removed the case pursuant to 28 U.S.C. § 1331 arguing that at least some of Cox's claims were pre-empted.[2] Cox moved to remand. Dkt. 6. However, before the court ruled on Cox's motion to remand, he filed an amended complaint in which he admitted that the court had subject-matter jurisdiction over his claims based on diversity and supplemental jurisdiction. Dkt. 13. Therefore, the court denied Cox's motion to remand as moot.

---

[1] Target is a non-subscriber to the Texas Workers' Compensation Act and has implemented an occupational injury benefit plan to cover injuries for workers injured on the job. Dkt. 16.

[2] Defendants argued that removal was proper under 29 U.S.C. § 1144(a). However, § 1144(a) relates to conflict preemption rather than complete preemption. *Haynes v. Prudential Health Care*, 313 F.3d 330, 334 (5th Cir. 2002). Conflict preemption does not confer federal subject-matter jurisdiction, but rather provides an affirmative defense to state law claims. *Id.* Therefore, it would not have been the proper basis for removal.

Dkt. 14.  Now, the defendants move the court to dismiss all of Cox's claims against them—except Cox's negligence claim against Target—pursuant to the doctrine of conflict preemption under ERISA, 29 U.S.C. § 1144(a).

### STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 195-96 (5th Cir. 2007).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation).

There are two types of ERISA preemption: (1) complete preemption under 29 U.S.C. § 1132, and (2) conflict—or express—preemption under § 1144(a).  Defendants have moved for dismissal based on conflict preemption.  Under conflict preemption, state law claims are preempted when they "relate to any employee benefit plan described in section 1003(b)." 29 U.S.C. § 1144(a).  A law may be "related to" a benefit plan if it has a connection to or references a plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S. Ct. 478 (1990).  Under the Supreme Court's broad common sense definition "a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the

3

law is not specifically designed to affect such plans, or the effect is only indirect." *Id.* However, a state law that "regulates insurance, banking, or securities" is not preempted under ERISA's savings clause. *Id.*; 29 U.S.C. § 1144(b).

### ANALYSIS

As a threshold matter, Cox argues that his claims are governed by 28 U.S.C. § 1445(c) which prevents removal of claims which arise under a State's workmen's compensation laws. However, since Target is a non-subscribing employer under the Texas Workers' Compensation Act, § 1445(c) does not apply. *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 364 (5th Cir. 2002). Therefore, Cox's claims are properly before this court. Cox's claims fall generally into two categories: common law and statutory.

**1.    Cox's Common Law Claims**

Cox's common law claims against defendants consist of negligence,[3] gross negligence, breach of fiduciary duty and/or duty of good faith and fair dealing, and intentional infliction of emotional distress. All of Cox's common law claims are predicated on alleged injuries arising from defendants' delay in approving Cox's claim(s). In a similar case, the Fifth Circuit found that a negligence claim against a plan administrator was preempted under conflict preemption. *See Haynes v. Prudential Health Care*, 313 F.3d 330, 337 (5th Cir. 2002) (citing *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 277 (3rd. Cir. 2001)). In *Haynes* the delay was caused by the plan administrator's determination that the doctor treating Haynes was not part of the plan. *Id.* The delay of several weeks allegedly resulted in Hayes's leg being amputated. *Id.* at 333. The Fifth Circuit

---

[3] The negligence claim at issue here is brought against Sedgwick. Cox also brings a negligence claim against Target for an unsafe workplace. The defendants do not argue that ERISA preempts the claim against Target and therefore it is not discussed in this order.

4

determined that the administrator's decision was purely administrative and therefore expressly preempted by ERISA. *Id.* at 337. Similarly, here the delay in treatment caused by the defendants stemmed from administrative decisions and not medical determinations. Therefore, Cox's negligence claim against Sedgwick is preempted and with it Cox's gross negligence claim against Sedgwick. Likewise, the Fifth Circuit has expressly held that ERISA preempts common law claims for breach of the duties of good faith and fair dealing, intentional infliction of emotional distress, and breach of fiduciary duty. *Lester v. Advanced Envtl. Recycling Tech., Inc.*, No. 06-51519, 2007 WL 1982195, *3 (5th Cir. Jul. 5, 2007) (ERISA preempts claim for breach of fiduciary duty); *Ellis v. Liberty Life Assur. Co.*, 394 F.3d 262, 276 (5th Cir. 2004) (breach of duty of good faith and fair dealing preempted by ERISA); *Hernandez v. Jobe Concrete Prods., Inc.*, 282 F.3d 360, 362 n.3 (5th Cir. 2002) (citing *Hogan v. Kraft Foods*, 969 F.2d 142-144-45 (5th Cir. 1992)) (intentional infliction of emotional distress preempted). Accordingly, Cox's common law claims are preempted by ERISA.

**2.     Cox's Claims Under the Texas Insurance Code**

In addition to his common law claims, Cox brings claims under the Texas Insurance Code, Articles 21.21 and 21.55.[4] These articles prohibit unfair competition and practices in the insurance industry. As with his common law claims, Cox's claims under the insurance code are preempted by ERISA. *Ellis*, 394 F.3d at 278 (Articles 21.21 and 21.55 preempted by ERISA).

Cox argues that these claims are not preempted because they fall into ERISA's saving clause.

---

[4] Effective April 1, 2005 the Texas Insurance Code was recodified in Title 5, Subtitle A of the Texas Insurance Code. TEX. INS. CODE § 501.001 *et seq*. Although articles 21.21 and 21.55 are no longer valid Texas statutes, the court will use the old numbering system for clarity since the plaintiff's complaint uses them. However, all references to articles 21.21 and 21.55 include by reference their proper counterparts from the Texas Insurance Code.

The Supreme Court recently clarified that in order to fall into the ERISA savings clause a law must satisfy two requirements. *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-42, 123 S. Ct. 1471 (2003). "First, the state law must be specifically directed toward entities engaged in insurance." *Id.* at 342. "Second . . . the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Id.* Cox cites *Memorial Hospital System v. Northbrook Life Insurance Company* to support his proposition. 904 F.2d 236 (5th Cir. 1990). However, *Memorial Hospital* is inapposite. The claim at issue in *Memorial Hospital* under article 21.21 was described by the Fifth Circuit as "negligent misrepresentation, albeit a Texas codification of that common law doctrine." *Id.* at 244. Because the court found that Memorial's claim did not claim a right to policy benefits or bad faith processing, it concluded that Memorial's claim under 21.21 did not relate to an employee benefit plan so as to trigger ERISA preemption under 29 U.S.C. § 1144(a). *Id.* With regard to the savings clause, the Fifth Circuit expressly declined to address the issue.

> Concluding that Memorial's article 21.21 cause of action is not preempted under the general preemption provision of section [1144(a)], we need not reach the second issue of whether an otherwise preempted claim may be saved under section [1144(b)(2)(A)].

*Id.* Not only does *Memorial Hospital* not support Cox's contention, but the Fifth Circuit in *Ellis* reexamined articles 21.21 and 21.55 under the Supreme Court's new savings clause test enunciated in *Miller* and found that they *still* did not fall into the savings clause. *Ellis*, 394 F.3d at 276-78 (citing *Miller*, 538 U.S. at 334-42). Therefore, Cox's argument fails.

## CONCLUSION

Cox's common law and statutory claims—except his claim for negligence against Target—are all preempted by ERISA. Therefore, the defendants' motion to dismiss is GRANTED

6

as to Counts II through VII of Cox's complaint. Accordingly, Cox's state law claims are DISMISSED with prejudice. However, Cox's request to be allowed to amend to assert claims under ERISA is GRANTED.

Therefore, it is ORDERED that Cox's common law claims (Counts II - VII) are DISMISSED WITH PREJUDICE.

Additionally, it is ORDERED that Cox may amend his complaint to assert his claims under ERISA. Any amendment will be due by November 27, 2007.

It is so ORDERED.

Signed at Houston, Texas on October 24, 2007.

_____
Gray H. Miller
United States District Judge