UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN COX, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-829 |
| | § | |
| TARGET CORPORATION, AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., | § § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is the defendants' motion for partial summary judgment. Dkt. 38. The plaintiff filed no response to the motion. Therefore, the court bases its decision on the motion, the record evidence supplied by the defendants, and the applicable law. For the reasons explained below, the motion is GRANTED.

### BACKGROUND

John Cox was hired by Target Corporation to work in floor sales. Target is a non-subscriber to the Texas Worker's Compensation Act and therefore provides benefits to its employees through the Target Corporation Texas Occupational Injury Benefit Plan. The Plan is administered by Sedgwick, a third party administrator.

Cox alleges that he was injured on June 4, 2006 while working the store's trash compactor and baler. According to Cox's Second Amended Complaint, the Plan provided medical coverage and wage replacement benefits. However, on November 14, 2006, Target terminated Cox's employment citing his failure to comply with management's request that he take an alcohol test as required under the Plan. Cox's benefits ended on the day Target fired him.

On January 11, 2007, Target notified Cox that it was denying his claim for benefits under the Plan. The record shows no evidence that Cox appealed the adverse benefit determination through the appeals process provided by the Plan. Instead, on February 2, 2007, Cox filed suit in the 113th Judicial District of Harris County, Texas. Defendants removed the case to this court on March 13, 2007. On October 24, 2007, pursuant to the defendants' motion to dismiss for failure to state a claim, the court dismissed Cox's claims as preempted by ERISA—except count I[1]. However, the court gave Cox leave to amend his complaint to state a claim under the appropriate ERISA provisions. On December 14, 2007, Cox filed his Second Amended Complaint. The defendants now move the court to grant summary judgment on counts II through VI of Cox's Second Amended Complaint.

### STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then they are not entitled to a summary judgment and no defense to the motion is required. *Id.*

---

[1] Count I is Cox's negligence claim against Target for the injury caused by the baler/trash compactor. It is not the subject of this—or the earlier—motion.

2

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163-64 (5th Cir. 2006). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence, disregard all evidence favorable to the moving party that the jury is not required to believe, and give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 993 (5th Cir. 2005). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

**ANALYSIS**

Defendants move the court to grant summary judgment on counts II through VI of Cox's Second Amended Complaint. Counts II and III are claims for interference with rights protected

3

under ERISA § 510, 29 U.S.C. § 1140, and for breach of fiduciary duty. Counts IV, V, and VI are common law claims for negligence, gross negligence, and intentional infliction of emotional distress.

**1.      Counts II & III - Violation of ERISA § 510 and Breach of Fiduciary Duty**.

Cox alleges that the defendants fired him in retaliation for exercising his ERISA rights. Additionally, he alleges that they engaged in a scheme to unfairly and unreasonably deny his medical benefits. Defendants argue that both of these claims must fail because Cox has not exhausted his administrative remedies under the Plan. In the absence of any record evidence to the contrary, the court agrees.

"[A] plaintiff generally must exhaust all administrative remedies afforded by [his] plan before filing an ERISA claim in federal court." *Hager v. NationsBank, N.A.*, 167 F.3d 245, 247 (5th Cir. 1999). In the instant case, the Plan provides that:

> The claimant may appeal in writing an Adverse Benefit Determination to the Appeals Committee within the following number of days following his or her receipt of the Adverse Benefit Determination for the Claims Administrator:
> (1)    180 days for a Medical Benefits or Wage Replacement Benefits claim
>
> • • •
>
> Upon completion of the appeals Process, a claimant has the right to bring suit to recover Plan benefits with a court of competent jurisdiction provided all of the following restrictions are met:
> (1)    the claimant has not executed a release;
> (2)    the claimant meets all deadlines for submitting claims and appeals for the Plan and completely exhausts the Plan's claims and appeals procedures;.

Dkt. 38, Ex. 1 at 43, 45-46. Defendants contend that Cox never filed an appeal under the Plan. Instead he filed suit in state court. In spite of being given an extension of time to respond, plaintiff did not respond to defendants' motion and has provided no evidence that he did appeal his adverse benefit determination. Therefore, Cox has failed to meet his burden to demonstrate that there is a genuine issue of material fact regarding defendants' affirmative defense of failure to exhaust

administrative remedies. Accordingly, defendants' motion for partial summary judgment is GRANTED with respect to counts II and III.

**2.      Counts IV, V, and VI - Common Law Claims**

The remaining counts for negligence on the part of Sedwick, gross negligence, and intentional infliction of emotional distress are identical to the claims already dismissed with prejudice by this court in its order of October 24, 2007. The court gave leave for Cox to amend his pleadings to replead his claims under the appropriate ERISA sections. His common law claims, however, are still preempted by ERISA. Therefore, because these claims have already been dismissed with prejudice, the defendants' motion for partial summary judgment with regards to counts IV, V, and VI is GRANTED.

## Conclusion

Pending before the court is defendants' motion for partial summary judgment as to counts II through VI of Cox's complaint. The motion is GRANTED. Counts II through VI are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on June 26, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY